JAKE BOYD HAMMOND V. STATE

No. 28,397. June 30, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*R. E. Murphey,* Coleman, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 100 days in jail and a fine of $100.00.

The witness Blanton testified that on the day charged in the information he saw the appellant drive over the curb and into the yard across the street from Blanton's service station, that the appellant came across the street and bought some gasoline. He stated that the appellant staggered as he walked and smelled like whiskey and expressed the opinion that he was intoxicated.

Sheriff Fenton testified that he arrested the appellant on the day in question and expressed the opinion that he was intoxicated.

The appellant did not testify or offer any evidence in his own behalf.

Appellant filed a motion to quash the jury panel on the ground that they had been improperly drawn because the jury commissioners who selected them had not paid their poll taxes.

Three articles require consideration. Article 2104, V.A.C.S., provides the qualifications of jury commissioners in the district court. Article 2109, V.A.C.S., provides that jury commissioners in the county court (where this case was tried) shall have the same qualifications. The first article provides that they shall be "qualified jurors and freeholders in the county."

Article 579, V.A.C.C.P., provides "failure to pay poll tax shall not disqualify any person from jury service."

We conclude that the failure to pay poll tax does not disqualify an otherwise qualified jury commissioner from serving in such capacity.

Finding no reversible error, the judgment of the trial court is affirmed.